57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose CAMPOS, Defendant-Appellant.
 No. 94-3415.
 United States Court of Appeals, Seventh Circuit.
 Argued April 4, 1995.
Decided June 6, 1995.
 
 Before RONEY*, BAUER and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jose Campos was convicted at trial of conspiracy to possess with the intent to distribute cocaine and the distribution of cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Campos was sentenced to concurrent sentences of 210 months imprisonment, with five years supervised release to follow, and fined $10,000. Campos appeals (1) his conviction contending the district court erred in admitting into evidence six kilograms of cocaine that was never in Campos' control or possession; and (2) his sentence contending that the district court abused its discretion in attributing eighteen kilograms of cocaine to him for sentencing calculation. We affirm.
 
 
 2
 The Admission into Evidence of Six Kilograms of Cocaine
 
 
 3
 Campos seeks to overturn his conviction on the ground that the district court committed reversible error when it admitted into evidence six kilograms of the eighteen kilograms of cocaine that were involved in the conspiracy.
 
 
 4
 These are the facts: while at the auto body shop in which Campos worked, Glen Smith and Darryl Milam, drug dealers who bought drugs directly and indirectly from Campos, observed that Campos could, and had, installed secret compartments in cars for the transportation of drugs. Later, Milam bought a Cadillac with secret compartments from Campos in order to secretly carry drugs. In October 1991, Smith's friend, Danilo Santos, and Campos drove this Cadillac to Indianapolis and delivered it to Milam. A few weeks later, Smith and Milam drove back to New York, seeking to purchase six kilograms of cocaine from Campos through Santos and a man called "Fernando." Santos contacted Fernando, who, in turn, contacted Campos. Campos, however, could not provide the drugs. So the Indianapolis duo purchased their contraband from another dealer affiliated with Fernando. The drugs were found in a search of the Cadillac.
 
 
 5
 Campos argues that the district court erred when it admitted into evidence the cocaine which Smith and Milam secreted in the Cadillac. We review the district court's ruling for an abuse of discretion. United States v. Hilgeford, 7 F.3d 1340, 1345 (7th Cir. 1993). "'Abuse of discretion' means something more than our belief that we would have acted differently if placed in the circumstance confronting the district judge.... The district court's decision must strike us as fundamentally wrong for an abuse of discretion to occur." Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir. 1990) (citation omitted). The district court did not abuse its discretion here.
 
 
 6
 At trial, the prosecution argued that the six kilograms were part of the overall conspiracy with which Campos was charged. Defense counsel objected, arguing the opposite. The district court admitted the drugs into evidence and instructed the defense that it could argue this issue to the jury during closing. In any event, the district court correctly noted that this was an issue of fact to be evaluated by the jury, not an issue of law to be decided by the judge.
 
 
 7
 We note that even erroneous evidentiary rulings will not be overturned if any resulting error was harmless. United States v. Farmer, 924 F.2d 647, 654 (7th Cir. 1991). Any error here was indeed harmless, even though this was the only cocaine physically introduced in evidence. A careful review of the record indicates that there is abundant evidence that Campos conspired to possess and distribute cocaine and distributed cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Campos was properly convicted of these crimes. Denying the introduction of the six kilograms of cocaine in question would not have affected this outcome.
 
 Sentencing
 
 8
 Campos, in his brief, alleges that eighteen kilograms of cocaine were used to calculate his sentence, when, at most, six and a half kilograms should have been attributed to him. The Government correctly asserts, the record reflects and Campos' counsel recognized at oral argument that the six kilograms of cocaine discussed above, although challenged in his brief, in fact, were not considered for sentencing. Thus, Campos' sentence is based only upon twelve kilograms of cocaine. Of these twelve kilograms, Campos only disputes the use for sentencing purposes of five and a half kilograms.
 
 
 9
 The Disputed Five and a Half Kilograms of Cocaine
 
 
 10
 Those five and a half kilograms came into play through this scenario: on several occasions in 1991, Smith and Milam purchased cocaine totaling over five and a half kilograms from Santos. Santos' source for this cocaine, Fernando, said he was obtaining the cocaine from Campos. Campos takes issue with the inclusion for sentencing calculation the drugs that he indirectly provided to Smith and Milam. Nevertheless, the testimony at sentencing of the Drug Enforcement Administration agent who investigated the case, which is reliable and backed up by Campos' co-conspirators' trial testimony, indicates that Smith and Milam bought at least five and a half kilograms of cocaine indirectly from Campos through the Santos/Fernando connection. This information has "sufficient indicia of reliability to support its probable accuracy." United States v. Lueddeke, 908 F.2d 230, 234 (7th Cir. 1990).
 
 
 11
 The district court was very careful to rely only on drug amounts that were established by a preponderance of the evidence, as is required for consideration at sentencing, United States v. Fowler, 990 F.2d 1005, 1007 (7th Cir. 1993) (Government has the burden of proving by a preponderance of evidence the quantity of drugs that is to be the basis of the defendant's sentence). The factual findings of the district court concerning the amount of drugs to be considered for sentencing purposes were not clearly erroneous, United States v. Price, 988 F.2d 712, 720 (7th Cir. 1993).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Paul H. Roney of the U. S. Court of Appeals for the Eleventh Circuit, sitting by designation